THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0124-JCC |
| Plaintiff, | ORDER |
| v. | |
| QIFENG LI, QIWEI LI, and XIAMIN HUANG | |
| Defendants. | |

This matter comes before the Court on the parties' stipulated motion for entry of a discovery protective order (Dkt. No. 57). Having thoroughly considered the motion and the relevant record, the Court finds good cause to enter the following protective order.

## **DISCOVERY PROTECTIVE ORDER**

**A.   Definitions**

As used in this Order, the term "Protected Information" means any date of birth, Social Security number, passport number, driver's license number, bank account number, credit card number, personal identification number, telephone number, name and/or location of employment, criminal history record, background check, victim identity, and/or any other similar information or number implicating a privacy interest of and belonging to an individual, business, partnership, or corporation.

As used in this Order, the term "Protected Material" means any document or other record containing or reflecting Protected Information.

**B.     Permissible Disclosure of Protected Information and Protected Material**

The United States will make available copies of the Protected Material to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, his/her investigators, paralegals, assistants, law clerks, and experts ("members of the defense team").

Members of each defense team may not provide copies of the Protected Material to other persons, including to their respective Defendant. Members of the defense teams may review Protected Information and/or Protected Material with their respective Defendant. Defendants may visually inspect and review such documents but shall not be allowed to possess Protected Information (such as unredacted copies of Protected Material, notes, copies, or photographs of such Protected Material containing Protected Information).

Defendants may possess documents from which all Protected Information has been redacted. Defendants also may be provided copies of materials that contain their own Protected Information without limitation or redaction.

Members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents, or share any Protected Information with any prospective witness.

**C.     Filing**

If any Protected Information or Protected Material is filed in court or otherwise disseminated as part of litigation, the parties shall file such information under seal. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Alternatively, with respect to financial information only, this Protected Material may be filed without seal in accordance with Local Criminal Rule 49.1.

**D.    Maintenance**

Members of the defense team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above-captioned case.

All documents containing Protected Material shall be returned to the United States, or destroyed, once all charges are resolved by dismissal or by final conviction. The provisions of this Order shall not terminate at the conclusion of this prosecution.

**E.    Modification**

The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by other order of the Court.

It is so ORDERED.

DATED this 17th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE