THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR18-0124-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| QIWEI LI, | |
| Defendant. | |

This matter comes before the Court on Defendant Qiwei Li's motion for revocation of his detention order (Dkt. No. 61). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Li is charged with conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846. (Dkt. No. 19.) The Government alleges that Mr. Li and his co-defendants conspired to acquire real property to support an illicit marijuana grow operation in Western Washington and then shipped the resulting product to New York for distribution. (Dkt. No. 1 at 6–14.) After a detention hearing on June 5, 2018 (Dkt. No. 43), the Honorable Brian Tsuchida, United States Magistrate Judge, ordered Mr. Li detained based on his "incentive and means to flee to a place outside of the [United States]," his "limited ties to the

ORDER
CR18-0124-JCC
PAGE - 1

Community," and his frequent visits to China since entering the United States (Dkt. No. 45 at 1). Mr. Li moves to revoke the order. (*See generally* Dkt. No. 61.)

## II. DISCUSSION

A defendant ordered detained by a magistrate judge pending trial may request that the court with original jurisdiction revoke or modify the order. *See* 18 U.S.C. § 3145(b). This Court reviews such orders *de novo*. 18 U.S.C. § 3142; *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). Pre-trial detention is appropriate where the Government proves, by clear and convincing evidence, that a defendant presents a danger to the community or, by a preponderance of the evidence, that the defendant poses a flight risk. 18 U.S.C. § 3142(e)(1); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government does not argue that Mr. Li presents a danger to the community. (*See generally* Dkt. No. 63.) At issue is whether Mr. Li poses a sufficient flight risk such that that no conditions of release can be imposed to reasonably assure his appearance. 18 U.S.C. § 3142(c). For the reasons described below, the Court holds that he does.

To determine whether conditions of release may reasonably assure Mr. Li's appearance, the Court considers: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the defendant's history and characteristics, including character, family ties, employment, financial resources, community ties, past conduct, criminal history, and any failures to appear for court proceedings, and (4) the nature and seriousness of danger to the community. 18 U.S.C. § 3142(g). The weight of the evidence is the least important factor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Mr. Li was admitted to the United States as a lawful permanent resident in 2015. (Dkt. No. 63 at 2.) From July through December of that year, the Government alleges that Mr. Li and his co-defendants received wire transfers from China exceeding $598,000. (Dkt. No. 3.) They used the funds to purchase five properties in Western Washington, all of which were outfitted to produce marijuana. (*Id*.) The source of the funds is unknown. The only job Mr. Li claims to have

had during this time is working for his co-defendant's heating and air conditioning business. (Dkt. No. 63 at 2.) However, according to the Washington Employment Security Department, Mr. Li earned a total of $16,000 from that position and the business generated gross revenue of less than $45,000. (*Id*.) The record demonstrates that Mr. Li and his co-defendants have substantial financial resources coming from an unknown source[1] that Mr. Li could use to flee.

Moreover, Mr. Li's ties to the community appear minimal. His parents and brother live in Western Washington, but his wife and three children reside in China.[2] Since his admission into the United States, he has spent roughly half his time in China. (Dkt. No. 45 at 2.) He has also travelled to New York on multiple occasions.[3] (Dkt. No. 63 at 5, 9.) Indeed, he was in New York when an arrest warrant from this District was issued. He states that the purpose of the trip was to visit family and friends. (Dkt. No. 61 at 3.) The Government suggests it was related to a "large shipment of suspected marijuana." (Dkt. No. 63 at 9.) Regardless, Mr. Li's frequent travel outside of the Western District of Washington, particularly his travel outside of the United States, indicates that his community ties are not strong. In addition, he appears to have no meaningful employment in the United States. Furthermore, if convicted, Mr. Li will be

---

[1] The Government details a variety of additional suspicious financial transactions, including $25,060 in cash deposited into a bank account in Mr. Li's name, $37,800 in cash payments to Seattle City Light for electricity bills, $15,597 in cash payments on a Mercedes-Benz panel van allegedly used to transport product, and $12,000 in Visa charges for travel in and around the United States. (Dkt. No. 63 at 2–5.)

[2] Mr. Li suggests that the Court should discount this fact because they "have applied and been approved for residency in the United States" and "are awaiting visas to move to the United States." (Dkt. No. 61 at 2.) Regardless, at present they remain outside of the United States. Moreover, it does not appear Mr. Li has been candid with the Court as to the details of his marriage. He asserted in his motion that he had "been married 9-years." (*Id*.) When the Government pointed out this would mean that he was ineligible for the visa preference he received when admitted, Mr. Li changed his story, responding that he was "legally married on September 14, 2015, and properly entered the United States as an unmarried child of a U.S. citizen on June 25, 2015." (Dkt. Nos. 63 at 2, 64 at 2 n.1.)

[3] In addition, the Government alleges that since his admission he has made fourteen trips from the United States to Canada and China. (Dkt. No. 63 at 2.)

removable from the United States. Therefore, he has a legitimate reason to flee: avoiding prison if he believes he will be removed regardless.

Mr. Li's primary argument against detention is that, after learning of his indictment by a Grand Jury in this District while he was in New York, Mr. Li immediately made arrangements to travel to Washington to self-surrender. (Dkt. Nos. 61 at 3–5, 64 at 2.) However, as the Government explained to Judge Tsuchida, by self-surrendering in this District, Mr. Li avoided "weeks in transit" from New York to Washington. (Dkt. No. 61-1 at 7.) Further, Mr. Li did not immediately travel to Western Washington, but waited until the following week to return. (*Id.*)

Given these facts, the Court finds that the Government has met its burden to establish, by a preponderance of the evidence, that no conditions of release can be imposed to reasonably assure Mr. Li's future appearance. Accordingly, the Court adopts the findings and conclusions of Magistrate Judge Tsuchida (Dkt. No. 45).

## III. CONCLUSION

For the foregoing reasons, Mr. Li's motion for revocation of the detention order (Dkt. No. 61) is DENIED.

DATED this 31st day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE